UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Joline Underwood,

                Plaintiff                      5:23-CV-00961-MJK

v.

Frank Bisignano
Commissioner of Social Security,

                Defendant.

---

Peter A. Gorton, Esq., Attorney for Plaintiff
Hugh Dun Rappaport, Esq., Special Assistant United States Attorney for Defendant

## DECISION AND ORDER

Before the Court is Underwood's Amended Notice of Motion for Additional Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1). (Dkt. 20).[1] The Commissioner filed a response neither supporting nor opposing the motion. (Dkt. 23). Although Underwood's counsel attests that the motion (Dkt. 20, as amended) was sent to Algarin in accordance with

---

[1] Underwood's initial Notice of Motion For Additional Attorney's Fees (Dkt.) requested fees in the amount of $11, 2019.86 which is the amount of the fees already received. (Dkt. 19-1, ¶ 2). The Amended Notice For Additional Attorney's Fees requests fees in the amount of $14,473.00 (Dkt. 20) which is consistent with the amount set forth in Attorney Gorton's declaration (Dkt. 19-1). It appears that counsel made a typographical error in the initial Notice of Motion.

L.R. 5.5(g)(2), the requirement to do so is no longer found in the Local Rules. T<u>his obligation is found at section F(2) of General Order No. 18.</u>[2] The parties consented to the jurisdiction of the Magistrate Judge. (G.O. 18 and Dkt. 6).

Underwood entered a contingency fee agreement with her attorney, Peter Gorton (Dkt. 19-4), under which Underwood agreed to a twenty-five (25%) percent contingency fee on all past due benefits awarded to him, subject to repayment of any fees paid to her counsel under the Equal Access to Justice Act ("EAJA"). Attorney Gorton seeks the total sum of $14,473, noting his obligation to refund Underwood $11,219.86 that he previously received. (Dkt. 19-1, ¶6).

Attorney Gorton attests that he was retained by Underwood on May 6, 2020. (Dkt. 19-1, ¶3). He represented Underwood at her first hearing and subsequent appeal, which was later appealed to this Court, resulting in a remand on December 7, 2021. *Id.* Attorney Gorton represented Underwood at her second hearing and subsequent appeal, which was later appealed to this Court, resulting in remand on March 20, 2024. *Id.* Attorney Gorton represented Underwood at her third

---

[2] Counsel is directed to be more cognizant of the Court's General Orders.

hearing, which resulted in a fully favorable decision, generating an award notice dated September 13, 2025 (Dkt. 19-3).

The Court must determine whether the attorney's fees award requested was reasonable. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 798 n.6 (2002). To make this finding, the Court considers the factors set forth in *Fields v. Kijakazi,* 24 F.4th 845, 853-56 (2d Cir. 2022). First, the fully favorable outcome achieved by Attorney Gorton speaks for itself. Second, as the record shows, Attorney Gorton was not responsible for any undue delay (for example, the record was filed by the Commissioner on January 9, 2024 (Dkt. 6), and Plaintiff's brief was filed on February 19, 2024. (Dkt. 13). Third, Attorney Gorton has well over thirty years of experience, and his practice is highly concentrated in the handling of Social Security Disability cases at the administrative level and before federal courts. (Dkt. 19-1, ¶ 4). Fourth, the hours spent by Attorney Gorton reflect his efficiency in handling these types of cases. (Dkt. 19-2). Fifth, there is no evidence that Underwood is unsatisfied with his efforts. Sixth, the nature of these cases makes a favorable result uncertain, yet the effort to achieve the result is a constant.

The Court finds that the effective hourly rate of $300.27 (Dkt. 19-1, ¶6) is reasonable given Attorney Gorton's experience and the Court's understanding of hourly rates charged by attorneys with that level of experience in this community. The Court finds that the total fee is reasonable and will not exceed 25% of the total of Underwood's past-due benefits in the amount of $57, 829.

**WHEREFORE**, it is hereby

**ORDERED**, that the motion is granted in full, and Attorney Peter Gorton is awarded attorney's fees in the amount of $14,473 and it is further

**ORDERED**, that Attorney Peter Gorton shall refund to Underwood any fees he previously received under the EAJA, to wit, $11,219.86.

Dated: January 14, 2026.

                                                                           Hon. Mitchell J. Katz
                                                                           U.S. Magistrate Judge